KIRKPATRICK, Co. Atty., v. RETAIL MERCHANTS ASS'N OF TULSA et al.

No. 20504. Opinion Filed Nov. 19, 1929.

Rehearing Denied Dec. 10, 1929.

Byron Kirkpatrick, for plaintiff in error.

Biddison, Campbell, Biddison & Cantrell, for defendant in error.

LESTER, V. C. J. The plaintiff in error is the county attorney of Tulsa county, Okla., and appeals from a judgment rendered by the district court of that county, commanding him to prepare and file an information, charging William P. Kyne and Harold Williams with the violation of section 1938, C. O. S. 1921, to wit:

"An entrance or admission fee is charged by said Tulsa Jockey Club for admission to the park or race track where the game is played. Several horse races are arranged and advertised for each day. Each race is scheduled in advance and programs are furnished those attending which show the names of the horses which are scheduled to compete against each other in a contest of speed in each race. The horses in each race are ridden by a rider or jockey, all starting from the same line at a given instant, each horse and jockey trying to outrun each other horse and jockey around a circular track and each trying to precede the others to the finish line and thus complete the race course first. The Tulsa Jockey Club and William P. Kyne have installed booths at said park or race course, from which Harold Williams and other employees of the Tulsa Jockey Club and William P. Kyne sell and deliver 'donation' or wager tickets on various competing horses selected by those buying the tickets. If a person wishes to wager on a horse in a particular race, he buys a ticket on that horse for the sum of $2 and specifies at the time the name of the horse, and whether he picks the named horse to win the race, or to finish as high as second, or to finish as high as third in the race against the field. If the horse he chooses completes the races within the limits designated by the ticket buyer, then the latter wins and is entitled to have his money paid to him by the management, in amount according to the prevailing odds on that horse, which odds are determined on a percentage basis depending on how many tickets were bought on that same horse to run the same way. If the ticket buyer chooses the wrong horse he gets nothing in return for his ticket, and if the horse does not perform as well as specified by the ticket buyer, the buyer gets nothing for his ticket. The profit from this game of chance goes to the operators."

The Extraordinary Session of the Fifth Legislature in 1916 adopted a comprehensive gambling act, which is to be found in the Session Laws of 1916. On review only two sections of said act are involved. These sections are carried forward in the Compiled Statutes of Oklahoma, 1921, and numbered therein as sections 1938 and 1948.

Section 1938, supra, reads:

"Every person who opens, or causes to be opened, or who conducts, whether for hire or not, or carries on either poker, roulette, craps or any banking or percentage, or any gambling game played with dice, cards or any device, for money, checks, credits, or any representatives of value, or who, either as owner or employee, whether for hire or not, deals for those engaged in any such game, shall be guilty of a felony, and upon conviction thereof, shall be punished by a fine of not less than five hundred dollars, nor more than two thousand dollars, and by imprisonment in the state penitentiary for a term of not less than one year nor more than ten years."

Section 1948, supra, reads in part:

"It shall be the duty of any judge of any court of record, upon the written request of the county attorney, or upon the sworn complaint of any other person, to issue subpoenas for any witness that may have knowledge of the violation of any provision of this act, and such judge shall have the power and it shall be his duty to compel such witness to appear before him and give testimony and produce any books or papers that will aid or assist in the prosecution of such investigation and inquiry into any violation of any provision of this act; but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning * * * testimony of each witness shall be reduced to writing by said judge, or by some person designated by him, and the same shall be signed by such witness. No person shall disclose any evidence so taken, nor disclose the name of any person so subpoenaed and examined, except when lawfully required to testify as a witness in relation thereto; and the unlawful disclosure, by any person, of any such evidence or of any matter or thing concerning such examination shall be a misdemeanor. * * * Should any witness refuse to appear before such judge, in obedience to such subpoena, or refuse to produce any books or papers when lawfully required so to do, or having appeared, shall refuse to answer any proper question, or sign his testimony when so required, it shall be the duty of such judge to commit such person to the county jail until

he shall consent to obey such orders and command of such judge in the premises, and in addition thereto such person may be punished, as for contempt of court, in accordance with the Constitution and laws of this state. * * * When it is shown upon the taking of such testimony that there is probable cause to believe that any person has violated any provision of this act, the county attorney shall immediately prepare an information charging such person with such offense and file such information in some court of competent jurisdiction."

Proceedings under the last quoted section of the statute were begun by one W. E. Gardner, who made and filed a complaint in the district court of Tulsa county, against said William P. Kyne and Harold Williams, charging them with certain acts and conduct alleged to be in violation of section 1938, supra.

The Honorable John Ladner, district judge in and for Tulsa county district court, division 1, heard the testimony on said complaint, and at the close of said testimony made an order which reads in part:

"* * * And the court having heard the evidence, and the testimony having been reduced to writing by a person designated by said undersigned judge, and the court having duly considered said testimony and evidence, finds that there is probable cause to believe that said persons above-named have violated said section 1938, C. O. S. 1921, * * *

"It is therefore considered, ordered, adjudged and decreed that the county attorney of Tulsa county, Okla., or any deputy or assistant county attorney upon whom this order may be served, shall immediately and forthwith prepare a good and sufficient information charging the said William P. Kyne and Harold Williams with the offense above set forth, and shall immediately and forthwith, after the preparation of same, file said information in a court of competent jurisdiction, and shall immediately and forthwith thereafter cause the arrest and confinement of said William P. Kyne and said Harold Williams under said information according to law and the statutes in such cases made and provided."

It appears that the county attorney had notice of said order commanding him to prepare and file an information against said William P. Kyne and Harold Williams, but that he refused so to do. Thereafter an action was begun in the district court of Tulsa county for a writ of mandamus to compel the county attorney to comply with the order theretofore made by the Honorable John Ladner, district judge. An alternative writ of mandamus was issued and thereafter the county attorney, within due time, filed a verified answer and response, which in part stated:

"Defendant further states that in his opinion, from personal investigation and from all the circumstances in connection with the above-described races, and the manner and methods in which they are conducted, it is not a violation of section 1938, C. O. S. 1921."

A hearing was had upon the said cause which resulted in the court issuing a peremptory writ of mandamus, commanding the county attorney to prepare and file or cause to be prepared and filed in a court of competent jurisdiction in Tulsa county, state of Oklahoma, an information charging William P. Kyne and Harold Williams with violation of section 1938, C. O. S. 1921.

The proceeding provided for in section 1948, supra, is an ex parte hearing and in no sense can be substituted for a preliminary hearing to which one charged with a felony may be entitled.

Section 17, art. 2, of the Constitution of Oklahoma, provides:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor, otherwise than by presentment or indictment or by information. No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint."

Section 2446, C. O. S. 1921, provides:

"When a complaint verified by oath or affirmation, is laid before a magistrate, of the commission of a public offense, he must, if satisfied therefrom that the offense complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, issue a warrant of arrest."

The district court ordered that the county attorney immediately and forthwith prepare a good and sufficient information charging the said Kyne and Williams with the offenses above set forth and to immediately and forthwith cause the arrest and confinement of said Kyne and Williams.

In order to cause arrest and detention of said parties on the alleged offense it would be necessary for the county attorney to verify by oath or affirmation the preliminary information or complaint. That cannot be compelled by mandamus. The court cannot compel the county attorney by a writ of

mandamus to verify by oath or affirmation a complaint or information.

In no sense are we passing upon the question as to whether there is probable cause to believe that Kyne and Williams are guilty of violation of section 1938, supra, or whether the alleged acts are within the contemplation of said section. There are other methods by which these parties may be prosecuted, if guilty of violation of section 1938, supra.

Section 18, art. 2, provides:

"* * * A grand jury shall be convened upon the order of a judge of a court having the power to try and determine felonies, upon his own motion; or such grand jury shall be ordered by such judge upon the filing of a petition therefor signed by one hundred resident taxpayers of the county; when so assembled such grand jury shall have power to investigate and return indictments for all character and grades of crime, and such other powers as the Legislature may prescribe. * * *"

The district court of Tulsa county is directed to set aside its former judgment and dismiss the petition of the plaintiff.

HUNT, CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur.  RILEY, J., concurs in conclusion.  HEFNER, J., absent. MASON, C. J., dissenting.